UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | Case No. S14:05CR280ERW(MLM) |
| RONALD KINNEY, JR., | ) ) ) | |
| Defendant. | ) | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE AS TO RONALD KINNEY, JR.**

When defendant Ronald Kinney, Jr. was first indicted, and prior to the filing of the Superceding Indictment, defendant filed a Motion to Suppress Evidence and Statements. [Doc. 30] An Evidentiary Hearing was held on July 18, 2005. The motion and the hearing concerned matters at issue at that time, specifically a Search Warrant which was executed in California on June 1, 2005 and certain recorded phone calls made between April 11, 2005 and May 31, 2005. On July 21, 2005 this court issued a Report and Recommendation as to defendant and his brother, Paul Kinney, who were the only two defendants in the case at that time. [Doc. 39] The court recommended defendant Ronald Kinney, Jr.'s Motion to Suppress Evidence and Statements be denied.

Also on July 21, 2005 the government filed a Superceding Indictment adding nine more defendants. The discovery process proceeded and an Evidentiary Hearing on all Motions to Suppress Evidence and Statements (**excluding the Title III Wiretap**) was held on September 29, 2005.[1] As to Ronald Kinney, Jr., the issues were a Pen Register and Trap and Trace Application and Order and an 18 U.S.C. § 2703(c) and (d) Application and Order, both issued March 23, 2005, and which were not covered by this court's previous Report and Recommendation.

---

[1] Several of the defendants had previously filed waivers of pretrial motions and several others withdrew their motions. The Evidentiary Hearing involved defendants Ronald Kinney, Jr., Michael Smith and Ronda Long. The matters raised as to the latter two defendants will be the subject of a separate Report and Recommendation.

Counsel for defendant Ronald Kinney, Jr. and the government stipulated that these matters could be submitted on the documents. Gov. Ex. 2 and 2a, 3 and 3a.

**1.  Pen Register and Trap and Trace**

Gov. Ex. 3 is an Application for Pen Register and Trap and Trace Devices, Including Enhanced Caller Identification. This Application requests the devices be installed on cellular telephone 714-391-5328 for the period 3/23/05 - 5/20/05. The subscriber is listed as Ronald Kinney at 3860E Coronado Street, Suite J, Anaheim, California 92807. Gov. Ex. 3a is the sealed Order for Pen Register and Trap and Trace Devices, Including Caller Identification. It was signed by the undersigned on March 23, 2005.

"A pen register is a mechanical device that records the numbers dialed on a telephone by monitoring the electrical impulses caused when the dial on the telephone is released. It does not overhear oral communications and does not indicate whether calls are actually completed." United States v. New York Tel. Co., 434 U.S. 159, 161 n.1 (1977). See 18 U.S.C. § 3127(3). The same is true of a Trap and Trace, with the exception that a Trap and Trace device monitors incoming calls to a target phone. See 18 U.S.C. § 3127(4).

"The installation and use of a pen register and trap and trace device is not a 'search' requiring a warrant pursuant to the Fourth Amendment." United States v. Hallmark, 911 F.2d 399, 402 (10th Cir. 1990); United States v. Covos, 872 F.2d 805, 807 (8th Cir.), cert. denied, 493 U.S. 840 (1989). Therefore, the information obtained from the pen register and trap and trace device is not subject to suppression.

In order to obtain a pen register and trap and trace order the statutory scheme in 18 U.S.C. § 3121 requires only an affirmation as to the identity of the attorney for the government and the law enforcement agency and a certification that the installation be relevant to an on-going criminal investigation. Hallmark, 911 F.2d at 402. The evidence adduced shows that that was clearly the situation in this case.

If the government intends to introduce the logs or records of the pen register or trap and trace device as evidence at trial, Rule 16(a)(1)(C) requires that the government permit the defendant to inspect and copy the documents. If the government merely relied on the information acquired through the pen register or trap and trace device to further the investigation, there is no requirement of production. There has been no showing that such records are material to the preparation of the defense and, therefore, need not be disclosed on those grounds.

With regard to the enhanced caller identification, the Eighth Circuit has clearly held that the caller identification service is a "trap and trace device" as that term is defined in 18 U.S.C. § 3127(4). United States v. Fregoso, 60 F.3d 1314, 1320 (8th Cir. 1995). A trap and trace device is "a device which captures the incoming electronic or other impulses which identify the originating number of an instrument or device from which a wire or electronic communication was transmitted." 18 U.S.C. 3127(4).

The caller identification service at issue can be described as an option which uses devices recently developed by wire communication providers which enable customers who receive incoming calls to observe the telephone numbers of the caller. Although caller identification devices are not provided for specifically in 18 U.S.C. §§ 3121-3126, these devices provide much of the same information and not additional information, provided by "trap and trace" devices, which devices are provided for in the referenced statutes. Moreover, caller identification devices provide the information for less expense and in a more expeditions manner than trap and trace devices, and require less technological intervention with the subject telephone.

The court finds that the caller identification service described here is a "trap and trace" device as described in 18 U.S.C. § 3127(4) and approved by the Eighth Circuit in Fregoso.

> The judicial role in approving use of [pen register and] trap and trace devices is ministerial in nature because, upon a proper application being made under 18 U.S.C.§ 3122, "the court *shall* enter an ex parte order authorizing the installation" of such device. 18 U.S.C. § 3123(a)(emphasis added); see also United States v. Hallmark, 911 F.2d 399, 402 (10th Cir. 1990)(outlining limited judicial role in

> approving pen registers and trap and trace devices); <u>In re Order Authorizing Installation of Pen Reg.</u>, 846 F.Supp., 1555, 1558-59 (M.D.Fla. 1994)(court's role with respect to trap and trace devices limited to confirming: (1) identity of applicant and investigating law enforcement agency, and (2) certification from applicant that information sought is relevant to ongoing investigation.) Furthermore, the statutory scheme (which is the same for trap and trace devices as for pen registers) does not mandate exclusion of evidence for violations of the statutory requirements. <u>See</u> <u>United States v. Thompson</u>, 936 F.2d 1249, 1249-50 (11th Cir. 1991)(information obtained from a pen register need not be suppressed despite noncompliance with statutory requirements because governing statutes, 18 U.S.C. §§ 3121-3127 do not require exclusion for violations), <u>cert.denied</u>, 502 U.S. 1075, 112 S.Ct. 975, 117 L.Ed.2d 139 (1992).

<u>Fregoso</u>, 60 F.3d at 1320-1321.

In the present case the application complies in all respects with the statute. 18 U.S.C. § 3121 *et seq.* It identifies the applying United States Attorney as an "attorney for the government" as defined by Fed. R. Crim. P. 1(b)(1)(B); it certifies the information likely to be obtained is relevant to an on-going criminal investigation; and it identifies the investigative agencies conducting the investigation. 18 U.S.C. § 3122(b). The Order also complies fully with the statutory requirements. 18 U.S.C. 3123(b). See Gov. Ex. 3 and 3a. Based on the forgoing, the information obtained from the the Pen Register and Trap and Trace Devices, Including Enhanced Caller Identification should not be suppressed.

2.  18 U.S.C. § 2703(c) and (d)

Gov. Ex. 2 is an Application for an Order Directing Telecommunications Service Providers (listed in Attachment 1) to Provide to DEA and the Park Hills Police Department ("investigative agencies") "telecommunications records and information on file on the date of this Order and for the time period for the past thirty days and from March 23, 2005 to May 20, 2005, 11:59 P.M. (CST) pertaining to cellular telephone number (717) 391-5328..." The subscriber for this number is listed as Ronald Kinney at 3860E Coronado, Suite J, Anaheim, California 92807. The Application lists the information sought and includes as part of the records sought "a listing of all control channels and their corresponding cell sites" and "an engineering map showing all cell site tower locations, sectors and orientations." See Gov. Ex. 2 at 2. This type of information is frequently referred to as

"cell-site data." The Application certifies that the Assistant United States Attorney applying for the Order is "an attorney for the government" as defined in Rule 1(b)(1)(B) of the Federal Rules of Criminal Procedure and further certifies that the information sought is relevant to a legitimate law enforcement inquiry. 18 U.S.C. 2703(d). The Application then goes on to articulate specific details and facts about the manager and distributor of an organization, Ronald Kinney, Jr., distributing large quantities of methamphetamine in the St. Louis Metropolitan area. It details information obtained from a wiretap[2] to support its contention that the cell phone data/telecommunications records will assist in the ongoing investigation of the methamphetamine distribution organization. On March 21, 2005 the undersigned signed an Order authorizing the telecommunication services providers listed in Attachment 1 of the Application to provide the required records.

18 U.S.C. § 2703(c) provides in pertinent part:

c(1) . . . A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity - - . . .

(B) Obtains a court order for such disclosure under subsection (d) of this section;. . .

18 U.S.C. § 2703(d) provides in pertinent part:

A court order for disclosure under subsection. . .(c) may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation. . . .

As set out above, non-communicative data, records or other information pertaining to a communication service subscriber or customer may be obtained by the government through a court order. 18 U.S.C. § 2703(c)(1)(B). Such an order may be issued if the government offers specific, articulable facts showing reason to find that the records or information sought are relevant to an on-going criminal investigation. 18 U.S.C. § 2703(d). The undersigned has carefully reviewed the

---

[2] The Title III Wiretap will be discussed in a separate Report and Recommendation. For purposes of the instant Report and Recommendation, it is sufficient to note that the wiretap comports in all respects with the requirements of the law.

government's Application and the Order issued pursuant thereto and finds that the Application and Order fully comply with the statutory requirements.

The court acknowledges that there is informal discussion as to the prospective or real-time use of cell-site data in order to determine the approximate, general, physical location of the cell phone while in use. It goes almost without saying that legislation cannot keep up with modern technology. Access to new telecommunications technologies is governed by a patchwork of complicated and evolving laws with multiple amendments, including the Wiretap Act, the Stored Communications Privacy Act, the Patriot Act, the Communications Assistance for Law Enforcement Act and more. In the instant case, the § 2703 Application and Order were submitted to the court on documents only. There was no specific, directed challenge by defendant to any aspect of the Application and Order. There is no definitive case law on the areas generally under discussion and certainly no binding precedent in the Eighth Circuit. Here, there was no Fourth Amendment violation in that there is no evidence before the court that there was any information obtained by intrusion into any area in which defendant had a privacy interest. See United States v. Karo, 468 U.S. 705, 711-721 (1984); United States v. Knotts, 460 U.S. 276, 282-85 (1983); United States v. Forest, 355 F.3d 942, 949-950 (6th Cir. 2003). The Application and Order comply with the requirements of the statute. Because there was neither a Constitutional nor statutory violation, the Application and Order should not be suppressed.

Accordingly, in addition to the Recommendation in the court's Report and Recommendation dated July 21, 2005,

**IT IS HEREBY RECOMMENDED** that defendant Ronald Kinney, Jr.'s Motion to Suppress Evidence and Statements be **DENIED** as to the matters contained herein. [Doc. 30]

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for

good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
**MARY ANN L. MEDLER**
**UNITED STATES MAGISTRATE JUDGE**

Dated this  3rd  day of  November, 2005.